FILED

2016 OCT 25 AM 9: 34

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| THE RABCO CORPORATION, a Florida corporation, | ) ) ) |
| Plaintiff, | ) CASE NO.: 6:16-cv-1858-ORL-40KRS ) |
| v. | ) ) |
| STEELE STREET, LLC, a Washington corporation, | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) ) ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THE RABCO CORPORATION ("Plaintiff"), by and through its undersigned counsel, files this Complaint for damages arising from the breach of a contract against Defendant, STEELE STREET, LLC ("Defendant"), and alleges:

### PARTIES

1. Plaintiff, Rabco, is a Florida corporation with its principal place of business located at 1041 Crown Park Circle, Winter Garden, Florida 34787. Rabco is a citizen of the State of Florida.

2. Defendant is a Washington Limited Liability Company with its principal place of business located at 5618 Marine View Drive, Tacoma, Washington 98422. Defendant's sole governing and managing member is William G. Bradbrooke, who permanently resides at 5618 Marine View Drive, Tacoma, Washington 98422 and is a citizen of the State of Washington.

3. Plaintiff and Defendant entered into a written contract for Plaintiff to design, engineer and furnish the components for a custom metal building structure, and then deliver the

product to the Defendant in Tacoma, Washington. A true and accurate copy of which is attached as **Exhibit A** ("Contract"). Plaintiff rendered these services in Orange County, Florida.

## JURISDICTION AND VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the cause of action accrued in Orange County, Florida, which is where the payments owed to Plaintiff were due, where the Contract was breached, and because that is where the services were rendered at Defendant's direction.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Florida, Defendant is a citizen of Washington, and the amount in controversy is in excess of $75,000.00, exclusive of attorneys' fees, costs and interest.

6. This Court has personal jurisdiction over the Defendant pursuant to Sections 48.193(1)(a)(1) and (7), and Section 48.193(2), of the Florida Statutes (2016), and other applicable law, because:

   (a) Defendant breached the Contract in Orange County, Florida by failing to make all of the payments to Plaintiff in Orange County, Florida as required by the Contract;

   (b) In partial performance of the obligations to be performed in Orange County, Florida, Defendant sent substantial amounts of money, over the course of fifteen (15) months, into Orange County, Florida, to the Plaintiff, as required by the Contract. For instance, on the dates indicated Defendant sent the following sums into Orange County, Florida, via United States Mail: 06/04/15 ($10,000.00), 06/05/15 ($3,500.00), 08/26/15 ($25,000.00), 08/10/16 ($315,014.60) and 09/25/16 ($56,676.60), all in all totaling $410,191.20;

   (c) Plaintiff's consulting engineer, Robert M. Beattie, P.E. who was the engineer of

record for the Contract, is located in Seminole County, Florida. Defendant sent specific directions, suggestions, and instructions to Mr. Beattie in Seminole County, Florida. Defendant exercised a significant degree of control over the activities of both Plaintiff and its engineer in Orange and Seminole County, Florida;

(d) Defendant sent innumerable emails, and attachments into Orange and Seminole County, Florida, on a host of subjects ranging from rebar detailing schedules, excavation requirements, dimensions of stepdowns, keyways, soffits and pedestals, CMU gridwalls, preliminary elevations and drawings, design directives, and scheduling, to name a few. These directives and communications continued for well over a year from April 2015 until the present day; and,

(e) Defendant sent extremely detailed payment applications, which it reviewed and executed, by United States Mail into Orange County, Florida.

7. Accordingly, Defendant had significant, substantial and continuous contacts with Plaintiff and its engineer in Orange and Seminole County, Florida, Defendant exercised dominion and control over their activities, Defendant sent substantial sums of money into Orange County, Florida, and, ultimately, Defendant breached an agreement which specifically required performance in Orange County, Florida.

## COUNT I: BREACH OF CONTRACT

8. Paragraphs 1 through 3 are incorporated herein by reference.

9. Plaintiff performed all conditions precedent to maintain this action.

10. Defendant breached the Contract by not making the payments owed thereunder as required by Section 15 of the Contract.

11. Payment under the Contract was due at the location listed therein, 1041 Crown

Park Circle, Winter Garden, Florida, which is located in Orange County, Florida.

12. Plaintiff furnished labor, services and materials totaling $715,903.25, as reflected in the invoices attached as **Exhibit "B"**, of which $305,712.05 remains unpaid.

WHEREFORE, Plaintiff, THE RABCO CORPORATION, demands judgment for damages against Defendant, STEELE STREET, LLC, in the amount of $305,712.05, and applicable pre and post-judgment interest, as well as all other relief that the Court deems just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: October 25, 2016.

Respectfully submitted,

MICHAEL C. SASSO, Trial Counsel
Florida Bar No. 368415
Primary E-mail: notice@sasso-law.com
Secondary E-mail: msasso@sasso-law.com
Secondary E-mail: wgory@sasso-law.com
MICHAEL A. SASSO
Florida Bar No. 93814
E-mail: masasso@sasso-law.com
SASSO & SASSO, P.A.
1031 West Morse Blvd., Suite 120
Winter Park, Florida 32789
(407) 644-7161 (Telephone)
(407) 629-6727 (Facsimile)
Attorneys for The Rabco Corporation